IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN BUZZELLI,                )
                              )
            Plaintiff,        )
                              )
      v.                      ) Civil Action No. 04-1293
                              )
JO ANNE B. BARNHART,          )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 21st day of September, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 7) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 5) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and

AO 72A
(Rev.8/82)

may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for disability insurance benefits on June 5, 2002, alleging disability beginning May 22, 2002, due to a disc protrusion, narrowing of the left nerve root, disc herniation, and shoulder, back and neck pain. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on September 24, 2003, at which plaintiff, represented by counsel, appeared and testified. On October 31, 2003, the ALJ issued a decision finding that plaintiff is not disabled. On July 22, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 47 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a circulation coordinator for a newspaper, driver, customer service worker and

district manager, but has not engaged in any substantial gainful activity since his alleged onset date. For purposes of plaintiff's application for Title II benefits, the ALJ found that plaintiff met the disability insured status requirements of the Act on his alleged onset date and has acquired sufficient quarters of coverage to remain insured at least through the date of the ALJ's decision.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine, with residual effects of a lumbar fusion, and depression, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of sedentary work but with certain restrictions recognizing the limiting effects of his impairments. Taking into account these limiting effects, a vocational expert identified numerous categories of jobs, both at the light and sedentary exertional levels, which plaintiff could perform based upon his age, education, work experience and residual functional capacity. Relying on the vocational expert's testimony, the ALJ found that, although

- 3 -

plaintiff is unable to perform any of his past relevant work, he nevertheless is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy, including packer, assembler and cashier. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's

impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

Additionally, the Commissioner has promulgated regulations dealing specifically with the evaluation of mental impairments. 20 C.F.R. §404.1520a. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432.

Here, plaintiff challenges the ALJ's finding of not disabled at step 5 of the sequential evaluation process. Specifically, plaintiff contends that: (1) the ALJ improperly analyzed the medical evidence, particularly that from his treating physicians; (2) the ALJ improperly analyzed plaintiff's testimony and subjective complaints regarding his limitations; and (3) the ALJ improperly relied on the vocational expert's answer to a defective hypothetical that did not account for all of plaintiff's impairments and limitations. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

At step 5 of the sequential evaluation process the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent

with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §404.1545(a); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements, and other functions. 20 C.F.R. §404.1545(a).

Here the ALJ found that:

> [Plaintiff] has the residual functional capacity to perform work that does not require exertion above the sedentary level; or more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; or more simple, routine, repetitious tasks, with one-or two-step instructions, performed in a low stress environment, which I define as work requiring few decisions; and that allows the alternating of sitting and standing.

(R. 19).

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ failed to accord controlling weight to the opinions from two of his treating physicians, Dr. Klein and Dr. Kramer, who both opined that plaintiff is disabled. (R. 258; 276) Upon review the court finds that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

- 6 -

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and his decision not to accord controlling weight to the disability opinions from Dr. Klein and Dr. Kramer is supported by substantial evidence.

First, the determination of disability is reserved solely to the Commissioner and the opinion of a physician, treating or otherwise, never is entitled to special significance on that ultimate determination. 20 C.F.R. §404.1527(e); SSR 96-5p. Here, based upon his review of the *entire* record, including plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not preclude him from performing *any* substantial gainful activity.

Moreover, as the ALJ explained in his decision, the opinions of total disability rendered by Dr. Klein and Dr. Kramer are contradicted by the clinical and objective medical evidence of record, as well as with plaintiff's own reported activities of daily living. (R. 16). Substantial evidence, as outlined by the ALJ in his decision, supports the ALJ's analysis. Thus, because total disability is not supported by the objective medical evidence and is inconsistent with other substantial evidence in the record, the ALJ did not err in giving those opinions little weight. 20 C.F.R. §404.1527(d); SSR 96-2p.

Likewise, the court finds no error in the ALJ's credibility determination. Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

In this case, the ALJ found that plaintiff's allegations regarding his limitations were not totally credible. In making this finding the ALJ adhered to the standards set forth in 20 C.F.R. §404.1529(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. (R. 16). As required, the ALJ considered plaintiff's testimony in light of not only the medical evidence but also the other relevant factors, such as plaintiff's daily activities, and determined that plaintiff's testimony was not totally credible.

- 8 -

However, to the extent plaintiff's subjective testimony regarding limitations arising from his physical and mental impairments was supported by the medical and other relevant evidence, the ALJ accommodated plaintiff by the limitations expressly set forth in his residual functional capacity finding. (R. 18). The court is satisfied that the ALJ's credibility determination is supported by substantial evidence.

Finally, plaintiff argues that the ALJ's decision is inconsistent with the testimony of the vocational expert. The court also finds this argument to be without merit. As already discussed, the limitations stated in the ALJ's residual functional capacity finding are those that are supported by the objective medical evidence of record. The additional limitations suggested by plaintiff's counsel in his hypothetical to the vocational expert could be supported only by plaintiff's subjective testimony, which the ALJ properly concluded was not totally credible. As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to a hypothetical incorporating a limitation not supported by the medical evidence. See Jones, 364 F.3d at 506 (ALJ had authority to disregard a vocational expert's response to a hypothetical inconsistent with evidence).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ

determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

cc:  Edward H. Walter, Esq.
219 Fort Pitt Boulevard
Pittsburgh, PA   15219

Rebecca Ross Haywood
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219

- 10 -

AO 72A
(Rev.8/82)